IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-140-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GERARDO RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On December 2, 2019, Gerardo Rodriguez ("Rodriguez") moved for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 65]. As explained below, the court denies Rodriguez's motion for reduction of sentence.

On February 8, 2010, without a plea agreement, Rodriguez pleaded guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and a quantity of marijuana (count one), and possession with intent to distribute a quantity of marijuana and aiding and abetting (count two). See [D.E. 23, 40]. On July 7, 2010, the court held Rodriguez's sentencing hearing. See [D.E. 31, 35, 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Rodriguez's objection. See Sentencing Tr. [D.E. 41] 5–21; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Rodriguez's total offense level to be 33, his criminal history category to be II, and his advisory guideline range on count one to be 151 to 188 months' imprisonment. See Sentencing Tr. at 21. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Rodriguez to 168 months' imprisonment on count one and 60 months' imprisonment on count two to run concurrently. See id. at 22–37; [D.E. 35]. Rodriguez appealed. On April 5, 2011, the United States Court of Appeals

for the Fourth Circuit affirmed this court's judgment. See United States v. Rodriguez, 421 F. App'x 283 (4th Cir. 2011) (per curiam) (unpublished).

On December 22, 2014, Rodriguez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 55]. On May 23, 2018, the court denied the motion for a sentence reduction [D.E. 61]. Rodriguez did not appeal.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th

2

Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *4 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Rodriguez's conviction is not a covered offense under section 404(a) of the First Step Act. See United States v. Lassiter, 774 F. App'x 163, 163 (4th Cir. 2019) (per curiam) (unpublished). Thus, Rodriguez is not entitled to relief under section 404(b) of the First Step Act.

Alternatively, even if the court has discretion, it would not reduce Rodriguez's sentence. The court has completely reviewed the entire record, Rodriguez's arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Rodriguez's offense conduct, Rodriguez

3

engaged in serious criminal behavior involving a large quantity of cocaine and marijuana. See PSR ¶¶ 9–15. Moreover, Rodriguez is a recidivist and has convictions for maintaining a vehicle, dwelling, or place for controlled substances, felony possession of marijuana, trafficking in cocaine by sale (two counts), trafficking in cocaine by delivery, and trafficking in cocaine by possession. See id. ¶¶ 17–18. Rodriguez also has performed poorly on supervision. See id. ¶ 17. Rodriguez has taken some positive steps while incarcerated on his federal sentence, but escaped from a Federal Prison Camp and was apprehended the same day when he voluntarily returned. See [D.E. 61] 2; [D.E. 55] 1–6; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Rodriguez's serious criminal conduct, serious criminal record, poor performance on supervision, escape, the need to promote respect for the law, and the need to incapacitate Rodriguez, the court declines to reduce Rodriguez's sentence. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *4; Latten, 2019 WL 2550327, at *1–4; 18 U.S.C. § 3553(a).

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Rodriguez's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

In sum, the court DENIES Rodriguez's motion for reduction of sentence [D.E. 65], and DISMISSES Rodriguez's motion requesting the status of his motion [D.E. 69] as moot.

SO ORDERED. This 30 day of July 2020.

JAMES C. DEVER III
United States District Judge